

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2007

# Gusman v. Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2022

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gusman v. Bur Prisons" (2007). *2007 Decisions.* Paper 1100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2022
_____

RAFAEL GUSMAN,

Appellant

v.

BUREAU OF PRISONS; DEPARTMENT OF MEDICAL SERVICES,
Allenwood Medium Level Prison; WARDEN S. A. YATES;
DR. FELIX, Hospital Administrator, Department of
Medical Services; ROBERT MIGLIORINO, Director of AMLP Hospital;
PHYSICIANS ASSISTANT TERRERO PENA; PHYSICIANS ASSISTANT E. ROCES
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-2339)
District Judge: Honorable John E. Jones III
_____

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2007

Before: FISHER , ALDISERT AND WEIS, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed May 16, 2007)

_____

OPINION
_____

PER CURIAM

Rafael Gusman appeals the District Court's order granting the appellees' motion for summary judgment. Gusman filed a complaint alleging that prison officials were deliberately indifferent to his serious medical needs. He argued that his ear infections were not properly treated, became progressively worse, and resulted in significant hearing loss. The District Court granted appellees' motion for summary judgment. Gusman filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the District Court's order granting appellees' motion for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). With respect to medical decisions, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Jail v. Peirce, 612 F.2d 754, 762 (3d Cir. 1979) (citations omitted).

Gusman alleged that the appellees were deliberately indifferent to his ear infections and, as a result, he is deaf in one ear with significant hearing loss in the other.

2

He alleged that the appellees only gave him antibiotics, antihistamines, and ear drops and did not send him to a specialist until five months after the ear infections began. The District Court thoroughly summarized Gusman's medical treatment history. As noted by the District Court, Gusman was treated more than thirty times between January 2003 and March 2004. He was given antibiotics, anti-inflammatory and pain medications, seen by a specialist on several occasions, received an operation, and was given hearing aids. We agree with the District Court that appellees were entitled to summary judgment on Gusman's claims of deliberate indifference.[1]

For the above reasons, we will affirm the District Court's March 14, 2006 judgment. Gusman's motions for the appointment of counsel on appeal and to supplement the record are denied.

---

[1] Because he is not a doctor, appellee Warden Yates cannot be held to be deliberately indifferent merely because he did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).